UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEROY J. KELLY, | ) 1:13-cv—00117-SKO-HC |
| Petitioner, | ) ORDER REQUIRING PETITIONER TO ) SUBMIT WITHIN THIRTY (30) DAYS A ) SIGNED DECLARATION CONCERNING THE |
| v. | ) PETITION (Doc. 1) |
| COPENHAVEN, WARDEN AT USP-ATWATER, et al., | ) |
| Respondents. | ) |

Petitioner is a federal prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 303. Pending before the Court is the petition (doc. 1), filed on January 25, 2013.

I. Screening the Petition

The Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) are appropriately applied to

1

proceedings undertaken pursuant to 28 U.S.C. § 2241.  Habeas Rule 1(b).  Habeas Rule 4 requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...."  Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).  Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested.

Notice pleading is not sufficient; the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n. 7 (1977)).  Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal.  Hendricks v. Vasquez, 908 F.2d at 491.  The Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

Here, Petitioner alleges that he is an inmate of the United States Penitentiary at Atwater, California (USPA), serving a federal sentence.  Petitioner alleges that he is also subject to a state sentence and seeks this Court to order Respondent to exercise discretion to designate Petitioner to a state

2

institution for service of his federal sentence so that the two sentences may run concurrently.

## II. Absence of a Verification

The petition is not verified.

Title 28 U.S.C. § 2242 provides in pertinent part:

> Application for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf.

Likewise, Habeas Rule 2 expressly requires that the petition "be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242." Habeas Rule 2(c)(5).

If a petition is insufficient, the Clerk must file the petition, and the Court may require the petitioner to submit a corrected petition that conforms to Rule 2(c). Habeas Rule 3(b); Habeas Rule 2, Advisory Committee Comment, 2004 Amendments.

Title 28 U.S.C. § 1746 requires that a declaration be subscribed as true under penalty of perjury, and be executed substantially in the statutory form, which in turn requires a declaration "under penalty of perjury that the foregoing is true and correct." 28 U.S.C. § 1746.[1]

---

[1] Title 28 U.S.C. § 1746 provides:

> Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:

3

1  Here, although Petitioner signed the petition, Petitioner
2  has failed to verify the truth of the petition.
3  III.  <u>Disposition</u>
4  Petitioner will be required to submit a verification of the
5  petition.  In light of the difficulty in having Petitioner submit
6  a new habeas corpus petition, Petitioner will be given an
7  opportunity to submit a document stating that he submitted the
8  petition to the Court and verifying its contents to be true under
9  penalty of perjury of the laws of the United States.  Petitioner
10 must sign the document under penalty of perjury; the document
11 should contain an original signature.  Petitioner will be granted
12 thirty (30) from the date of service of this order to comply with
13 the Court's directive.
14 Accordingly, it is ORDERED that:
15 1) Petitioner is GRANTED thirty (30) days from the date of
16 service of this order in which to file a signed verification of
17 the petition in compliance with this order; and
18 2) Petitioner is INFORMED that failure to comply with a
19 Court order, including the present order, will result in
20 dismissal of the petition without prejudice pursuant to Local

---

(1) If executed without the United States:

"I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (date).

(Signature)".

(2) If executed within the United States, its territories, possessions, or commonwealths:

"I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date).

(Signature)".

4

Rule 110.

IT IS SO ORDERED.

**Dated:     January 29, 2013**                        /s/ Sheila K. Oberto
                                                    UNITED STATES MAGISTRATE JUDGE