# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEROY J. KELLY, | 1:13-cv—00117-SKO-HC |
| Petitioner, | ORDER DIRECTING PETITIONER TO FILE A SIGNED AND DATED VERIFICATION OF THE PETITION NO LATER THAN THIRTY (30) DAYS AFTER THE DATE OF SERVICE OF THIS ORDER |
| v. | |
| COPENHAVEN, WARDEN AT USP-ATWATER, et al., | |
| Respondents. | |

Petitioner is a federal prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting consent in a signed writing filed by Petitioner on February 11, 2013 (doc. 5). Pending before the Court is the Petitioner's verified proof

1

of service of the petition, which was filed on February 21, 2013, in an apparent attempt to comply with the Court's order of January 29, 2013, in which the Court directed Petitioner to file a separate verification and signature of the petition.  The Court issued the order because the petition filed in this action on January 25, 2013, was unverified in that it lacked a declaration under penalty of perjury that the matters alleged in the petition are true and correct.

> I. <u>Screening the Petition</u>

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (9th Cir. 1990); <u>see also</u> <u>Hendricks v. Vasquez</u>, 908 F.2d 490 (9th Cir. 1990).  Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; the petition must state facts that point to a real possibility of constitutional error.  Rule 4, Advisory Committee Notes, 1976 Adoption; <u>O'Bremski v. Maass</u>, 915 F.2d at 420 (quoting <u>Blackledge v. Allison</u>, 431 U.S. 63, 75 n.7 (1977)).  Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. <u>Hendricks v. Vasquez</u>, 908 F.2d at 491.

///

The Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

II. Lack of a Verification

Petitioner filed a declaration of proof of service of the petition. This declaration verified under penalty of perjury that Petitioner had served the petition for writ of habeas corpus. However, the verification ordered by the Court in the order of January 29, 2013, is a declaration under penalty of perjury that the matters alleged in the petition filed on January 25, 2013, are true and correct.

The declaration should comply with the requirements of 28 U.S.C. § 1746.[1]

---

[1] Title 28 U.S.C. § 1746 provides:

Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:

(1) If executed without the United States: "I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that

3

Title 28 U.S.C. § 2242 provides in pertinent part:

> Application for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf.

Likewise, Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) expressly requires that the petition "be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242." Habeas Rule 2(c)(5).

If a petition is insufficient, the rules direct the Clerk to file the petition, and the Court may then require the petitioner to submit a corrected petition that conforms to Rule 2(c). Habeas Rule 3(b); Habeas Rule 2, Advisory Committee Comment, 2004 Amendments.

Petitioner will be given one more opportunity to submit a declaration in the proper form stating that the matters alleged in the petition for writ of habeas corpus are true and correct. Petitioner must date his declaration and sign the document under penalty of perjury in the form set forth in § 1746; the document should contain an original signature. Petitioner will be granted thirty (30) days from the date of service of this order to comply with the Court's directive. Further screening of the petition

---

the foregoing is true and correct. Executed on (date).

(Signature)".

(2) If executed within the United States, its territories, possessions, or commonwealths: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date).

(Signature)".

4

will be suspended pending receipt of the verification.

    Petitioner has already been given one opportunity to cure this defect in the petition.  Petitioner is forewarned that another failure to comply with a Court order will result in dismissal of the petition pursuant to Local Rule 110.

    Accordingly, it is ORDERED that Petitioner is GRANTED thirty (30) days from the date of service of this order in which to file a signed verification of the petition in compliance with this order.

IT IS SO ORDERED.

**Dated:   March 12, 2013**          /s/ Sheila K. Oberto
                                       UNITED STATES MAGISTRATE JUDGE