UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEROY J. KELLY,<br><br>              Petitioner,<br><br>     v.<br><br>DIRECTOR, FEDERAL BUREAU OF PRISONS, et al.,<br><br>              Respondents. | 1:13-cv–00117-SKO-HC<br><br>ORDER DIRECTING PETITIONER TO FILE A SIGNED AND DATED VERIFICATION OF THE FIRST AMENDED PETITION NO LATER THAN THIRTY (30) DAYS AFTER THE DATE OF SERVICE OF THIS ORDER |

    Petitioner is a federal prisoner proceeding pro se and in forma pauperis with a petition pursuant to 28 U.S.C. § 2241. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting consent in a signed writing filed by Petitioner on February 11, 2013 (doc. 5).  Pending before the Court is Petitioner's first amended petition (FAP), which was filed on April 16, 2013, in an apparent attempt to comply with the Court's order of March 13, 2013, directing Petitioner to submit a separate verification and signature of the originally

1

filed petition.[1]

I. Screening the Petition

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d at 491.

The Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43

---

[1] Petitioner was directed to file a verification of the originally filed petition so that Petitioner would not need to file an entirely new petition. However, Petitioner instead filed a first amended petition.

2

(9th Cir. 2001).

II. <u>Lack of a Verification</u>

A review of the FAP shows that it does not comply formally with requirements of 28 U.S.C. § 1746.[2]

Title 28 U.S.C. § 2242 provides in pertinent part:

> Application for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf.

Likewise, Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) expressly requires that the petition "be signed under penalty of perjury by the

---

[2]Title 28 U.S.C. § 1746 provides:

Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:

(1) If executed without the United States: "I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (date).

(Signature)".

(2) If executed within the United States, its territories, possessions, or commonwealths: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date).

(Signature)".

3

1 petitioner or by a person authorized to sign it for the
2 petitioner under 28 U.S.C. § 2242." Habeas Rule 2(c)(5).
3     If a petition is insufficient, the rules direct the Clerk to
4 file the petition, and the Court may then require the petitioner
5 to submit a corrected petition that conforms to Rule 2(c).
6 Habeas Rule 3(b); Habeas Rule 2, Advisory Committee Comment, 2004
7 Amendments.
8     Title 28 U.S.C. § 1746 requires that a declaration be
9 subscribed as true under penalty of perjury, and be executed
10 substantially in the statutory form, which in turn requires a
11 declaration "under penalty of perjury that the foregoing is true
12 and correct." 28 U.S.C. § 1746. Although a lack of swearing is
13 not a fatal defect, the declaration must be made under penalty of
14 perjury and must be attested to be true. Cobell v. Norton, 310
15 F.Supp.2d 77, 84 (D.D.C. 2004) (statement of truth based on
16 "knowledge, information, and belief" insufficient); Kersting v.
17 United States, 865 F.Supp. 669, 776-77 (D. Hawaii 1994)
18 (necessary elements are that the unsworn declaration contains the
19 phrase "under penalty of perjury" and states that the document is
20 true).
21     Here, Petitioner states, "I declare under the penalty of
22 perjury that the foregoing statements are true and correct <u>to the
23 best of my knowledge</u>." (Emphasis added.) (FAP, 5.) Thus,
24 Petitioner has qualified the allegation of truth to an uncertain
25 extent by indicating that the truth is dependent upon an
26 unspecified basis of knowledge. The Court concludes that because
27 of this qualification, the declaration fails to comply with the
28 requirements of § 1746.

1     Petitioner will be given one more opportunity to submit a declaration in the proper form stating that the matters alleged in the first amended petition for writ of habeas corpus are true. Petitioner must declare that the matters stated in the first amended petition are true, date his declaration, and sign the document under penalty of perjury in the form set forth in § 1746; the document should contain an original signature. Petitioner will be granted thirty (30) from the date of service of this order to comply with the Court's directive.  Further screening of the petition will be suspended pending receipt of the verification.

     Petitioner is forewarned that failure to comply with the Court's order will result in dismissal of the petition pursuant to Local Rule 110.

     Accordingly, it is ORDERED that Petitioner is GRANTED thirty (30) days from the date of service of this order in which to file a signed verification of the first amended petition in compliance with this order.

IT IS SO ORDERED.

**Dated:     April 17, 2013**                              **/s/ Sheila K. Oberto**
                                                   UNITED STATES MAGISTRATE JUDGE

5