UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEROY J. KELLY,<br><br>          Petitioner,<br><br>     v.<br><br>DIRECTOR, FEDERAL BUREAU OF PRISONS,<br><br>          Respondent. | Case No. 1:13-cv-00117-SKO-HC<br><br>ORDER GRANTING RESPONDENT'S MOTION TO FILE DOCUMENT UNDER SEAL (DOC. 28) |

    Petitioner is a federal prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Pursuant to 28 U.S.C. 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting their consent in writings signed by the parties or their representatives and filed by Petitioner on February 11, 2013, and on behalf of Respondent on June 24, 2013.
    Pending before the Court is the Respondent's motion to seal a probation services investigation report pursuant to Local Rule 141, which was filed in connection with a motion to dismiss on October

1

31, 2013.

The court has the authority to exercise its discretion to seal documents and set appropriate limits upon access to records and files.  Fed. R. Civ. P. 26(c); Local Rule 141(a); Nixon v. Warner Communications, Inc., 435 U.S. 589, 598 (1978); Hagestad v. Tragesser, 49 F.3d 1430, 1433-1434 (9th Cir. 1995).  In determining whether to seal documents, the Court should consider the interests advanced by the parties in light of the public interest and the duty of the courts. Nixon, 435 U.S. at 602; Hagestand, 49 F.3d at 1434. The Ninth Circuit has adopted the Seventh Circuit's approach for determining whether the common law right of access should be overridden, requiring courts to start with a strong presumption in favor of access that may be overcome only on the basis of articulable facts known to the court, as distinct from unsupported hypothesis or conjecture. Hagestand, 49 F.3d at 1434.

Here, Respondent seeks to file under seal a presentence investigation report (PSR) that was prepared in connection with Petitioner's commitment offense or offenses.  Pursuant to Local Rule 460(a), a PSR is a confidential record of the United States District Court.  Accordingly, Respondent's motion to file the report under seal is GRANTED.

Pursuant to Local Rule 141(a), the Clerk of the Court is DIRECTED to file UNDER SEAL the presentence investigation report prepared on October 16, 1998, which is attachment 1 to Respondent's motion to dismiss filed on October 31, 2013, and was submitted to the Clerk of the Court on the same date under separate sealed cover, UNDER SEAL.  Pending further order of the Court, this document is to remain sealed and confidential and is not to become part of the

public case file.

IT IS SO ORDERED.

Dated: **November 4, 2013**              **/s/ Sheila K. Oberto**
                                    UNITED STATES MAGISTRATE JUDGE